BRIAN H. KIM (SBN 215492)
JAMES P. KEENLEY (SBN 253106)
EMILY A. BOLT (SBN 253109)
BOLT KEENLEY KIM, LLP
1010 Grayson Street, Suite Three
Berkeley, CA  94710
Telephone:     (510) 225-0696
Facsimile:     (510) 225-1095

Attorneys for Plaintiff
DEBRA MEDINA

PAMELA E. COGAN (SBN 105089)
BLAKE J. RUSSUM (SBN 258031)
ROPERS, MAJESKI, KOHN & BENTLEY
1001 Marshall Street, Suite 500
Redwood City, CA  94063-2052
Telephone:     (650) 364-8200
Facsimile:     (650) 780-1701
Email:          pamela.cogan@rmkb.com
blake.russum@rmkb.com

Attorneys for Defendant
LIBERTY LIFE ASSURANCE COMPANY OF
BOSTON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA MEDINA,<br><br>             Plaintiff,<br><br>v.<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON,<br><br>             Defendant. | CASE NO.  5:16-CV-05917-EJD<br><br>STIPULATED PROTECTIVE ORDER AND<br>ORDER |

        IT IS HEREBY STIPULATED AND AGREED by Plaintiff Debra Medina ("Plaintiff")

Defendant Liberty Life Assurance Company of Boston ("Defendant" or "Liberty"), by and

through their attorneys of record, that the following agreement for protective order regarding the

viewing, disclosure, dissemination and custody of certain documents shall be, and hereby is,

binding on them, their counsel, and other persons as set forth herein; and that they hereby

stipulate and respectfully request an order of the Court as follows:

*Ropers Majeski Kohn & Bentley*
*A Professional Corporation*
*Redwood City*

## 1.0   **RECITALS**

**1.1**     Cadence Design Systems, Inc. ("Cadence") possesses certain information that Plaintiff and Cadence desire to keep confidential, but which is the proper subject of Defendant's discovery in this case.  Plaintiff is also precluded through a confidentiality provision from disclosing the confidential information that Defendant seeks.

**1.2**     Plaintiff and Defendant (collectively referred to herein as "the Parties") desire to stipulate to a protective order sanctioned by the Court to protect such confidential information from unnecessary disclosure and to enable Cadence to produce the confidential information sought by Defendant.

**1.3**     In consideration of the foregoing, the Parties hereby stipulate and agree to the following:

**(a)**     All Parties agree to this Protective Order and hereby move the court to enter it as an order of the court for the purpose of limiting the dissemination and use of the Confidential Documents and Information identified and produced hereunder.

**(b)**     Confidential Documents and Information produced by Cadence pursuant to this Protective Order may only be used in this litigation, subject to the terms and conditions stated herein.  They shall not be used for any other purpose, or in connection with any other litigation, case or action.

**(c)**     This stipulation is subject to the court's order for the purpose of limiting the dissemination of the documents produced hereunder.  Production of Confidential Documents and Information identified herein shall be and are subject to the following protective order.

**(d)**     All parties in this action shall submit this stipulation and proposed protective order to the court for signature to become an order of the court for the purpose of limiting the dissemination and use of the Confidential Documents and Information produced hereunder, without prejudice to the Parties' right to challenge the confidentiality of any Confidential Documents and Information produced hereunder.

**(e)**     The Parties reserve the right to supplement and amend this Stipulation and Protective Order to, among other things, include within the definition of "Confidential

STIPULATED PROTECTIVE ORDER-
CASE NO: 5:16-CV-05917-EJD

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Documents and Information" any additional confidential, proprietary, or private documents and information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted, excluding any documents or information produced pursuant to subpoena prior to the date on which this Protective Order is entered.

**2.0    DEFINITIONS**

    **2.1**    Party.  The term "Party" or "Parties" as used herein means any party to this action, and includes their officers, directors, employees, and attorneys as well as the support staff for their attorneys.

    **2.2**    Confidential Documents and Information.  The term "Confidential Documents and Information" as used herein means and includes the following:

        **(a)**    All documents constituting the purported release of all claims executed by Plaintiff with respect to her former employment with Cadence Design Systems, Inc., including all documents incorporated or referenced therein.

**3.0    SCOPE**

    **3.1**    Confidential Documents and Information produced or designated pursuant to this Protective Order may only be used in the above-entitled action, subject to the terms and conditions stated herein.  A Party may use Confidential Documents and Information only to evaluate, prosecute, defend, support, challenge or attempt to settle the claims or defenses of the Parties in the above-captioned case, including any appeals or writs from any judgment or order entered therein.

    **3.2**    Confidential Documents and Information shall not be used, filed, published, or disseminated to persons not authorized to receive them under Section 6.0 of this Order, *infra*, for any other purpose or reason, or in connection with any other litigation, civil or administrative action, legal proceeding, lawsuit, or case, without an order issued by a court of competent jurisdiction, the written agreement of the Parties, or a valid warrant or subpoena of a state or federal law enforcement agency or officer.

**4.0    DESIGNATING PROTECTED MATERIAL**

    **4.1**    Designation in conformity with this Order requires the following:

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**(a)**       For designation of Confidential Documents and Information in documentary form, in producing it to the Parties Cadence shall affix the label "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN CASE NO. 5:16-CV-05917-EJD" on each page that contains protected material.

**(b)**       For information produced electronically or in any other form other than documentary, and for any other tangible items, in producing it Cadence must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the label "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN CASE NO. 5:16-CV-05917-EJD."

**5.0**     **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed herein shall remain in effect until all Parties agree otherwise in writing or a court order otherwise directs.

**6.0**     **USE OF DOCUMENTS AND INFORMATION SUBJECT TO THIS ORDER**

**6.1**     The Confidential Documents and Information produced under this Order may be disclosed by the receiving Parties only to the following persons, and may be used only for the purposes of prosecuting or defending claims asserted in this action:

**(a)**       The attorneys of record for the receiving Parties and (i) their employees and (ii) outside legal support service personnel to whom the attorneys of record reasonably believe it necessary to show the Confidential Documents and Information for purposes of this litigation;

**(b)**       Experts and consultants and their employees who, prior to receiving Confidential Documents and Information;

**(c)**       The Court and court personnel pursuant to the procedures set forth herein;

**(d)**       Persons to whom the documents are otherwise lawfully available outside of this litigation, such as third-party authors or recipients;

**(e)**       The receiving Party or representatives or agents of the receiving Party to whom attorneys for the receiving Parties believe it is necessary that the documents be shown for the purposes of this litigation; and

**(f)** Such other persons as are designated by written agreement between the Parties.

**7.0** **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL DISCOVERY**

**7.1** An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, by itself, waive the right of the Party producing it to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL — PRODUCED PURSUANT TO PROTECTIVE ORDER ENTERED IN CASE NO. 5:16-CV-05917-EJD" after the material was initially produced, all Parties receiving it, on timely notification of the designation, must assure that the material is treated in accordance with the provisions of this Order.

**7.2** If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Documents and Information to any person or in any circumstance not authorized under this Protective Order, the receiving Party must immediately (a) notify in writing Cadence of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Documents and Information; and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

**8.0** **USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION**

**8.1** A Party may use Confidential Documents and Information only to evaluate, prosecute, defend, support, challenge or attempt to settle the claims or defenses of the Parties in the above-captioned case, including any appeals or writs from any judgment or order entered in this case.  Confidential Documents and Information shall be used for no other purpose or reason whatsoever, or in connection with other lawsuits, civil or administrative actions, legal proceedings or process, claims or demands, unless otherwise ordered by a court of competent jurisdiction, or by a law enforcement agency or officer pursuant to a valid warrant or subpoena.

**8.2** Confidential Documents and Information disclosed pursuant to this Protective Order may be used in connection with any trial or other proceeding in this case, including motions.  The use of any Confidential Documents and Information under the terms of this Protective Order at trial will be subject to the terms and conditions of this Stipulated Protective

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Order.

**8.3**     In the event that any Party receives a subpoena, request for production, court order or other formal demand for the production or disclosure of any Confidential Documents and Information, the Party shall notify Cadence of such subpoena, request, order or formal demand in writing as soon as practicable, but no later than 14 calendar days prior to the date of the required response to such subpoena, request, order or formal demand.  Such notification must include a copy of the subpoena, request, order or demand.  In addition, within five (5) calendar days of receiving any such subpoena, request for production, court order or other formal demand, the Party must immediately inform the person or entity who issued it in writing that some or all the material covered by the subpoena, request, order or demand is the subject of this Protective Order, and provide a copy of this Protective Order to that person or entity.

**9.0**     **FILING CONFIDENTIAL DOCUMENTS UNDER SEAL**

**9.1**     No Party may file in the public record in this action any Confidential Documents and Information without a court order secured after proper notice to all Parties.  Counsel seeking to file any pleadings, memoranda, declarations, documentary evidence or other evidence, motions, forms or other documents with any court, including the U.S. District Court for the Northern District of California, which reveal any portion of the contents of the Confidential Documents and Information or notes relating thereto, shall first file a written request for a sealing order setting forth good cause for the order under the rules of that court (e.g., Civil Local Rule 79-5).

**9.2**     Pursuant to Civil Local Rule 79-5, no documents shall be filed under seal in the U.S. District Court for the Northern District of California without prior approval by the Court.  If a filing under seal is requested, a written application and proposed order shall be presented along with the document for filing under seal.  The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope.

**9.3**     Applications and Orders to Seal, along with the material to be placed under seal, shall not be filed electronically, but shall be filed traditionally in the manner prescribed by Civil Local Rule 79-5.  Attorneys filing a document under this provision shall file electronically a

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

1   Notice of Manual Filing.

2        **9.4**      At any hearing or proceeding in which any Confidential Documents and

3   Information covered by this Protective Order is, or shall be, referred to, discussed or otherwise

4   revealed, counsel for either party may request that the hearing or proceeding be conducted under

5   seal.  Any records made of proceedings conducted under seal shall also be sealed if the Court so

6   orders.

7   **10.0   JURISDICTION**

8        **10.1**      The Parties, their attorneys, experts, investigators, consultants and witnesses who

9   view or take custody of the Confidential Documents and Information agree to be subject to the

10   jurisdiction of the United States District Court for the Central District of California for contempt

11   and other appropriate proceedings in the event of any violation of this Protective Order.

12        **10.2**      The United States District Court for the Central District of California shall retain

13   jurisdiction to enforce the terms of this Protective Order for up to twelve (12) months after the

14   final termination of this action.

15   **11.0   ORDER BINDING UPON SUCCESSORS AND ASSIGNS**

16        All the terms of this Protective Order shall be binding upon and inure to the benefit of the

17   Parties hereto and to their successors and assigns.

18

19   ///

20

21   ///

22

23   ///

24

25   ///

26

27   ///

28

I have read the above Stipulation and Protective Order and agree to abide by the terms set forth therein on behalf of myself, my law firm, and my client or clients, on whose behalf I am authorized to enter into this Stipulation and Protective Order.

**IT IS SO STIPULATED**.

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned hereby attests that all signatories to this Stipulation, and all parties on whose behalf the filing is submitted, have authorized its filing.

Dated: March 14, 2017                     BOLT KEENLEY KIM LLP


By: */s/ Brian H. Kim*
                                          BRIAN H. KIM
                                          JAMES P. KEENLEY
                                          EMILY BOLT
                                          Attorneys for Plaintiff
                                          DEBRA MEDINA

Dated: March 14, 2017                     ROPERS, MAJESKI, KOHN & BENTLEY


By: */s/ Blake J. Russum*
                                          PAMELA E. COGAN
                                          BLAKE J. RUSSUM
                                          Attorneys for Defendant
                                          LIBERTY LIFE ASSURANCE
                                          COMPANY OF BOSTON

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City

**[~~PROPOSED~~] ORDER**

Pursuant to the parties' stipulation, and good cause showing, **IT IS SO ORDERED.**

Dated:  March 16, 2017

By: _Susan van Keulen_
HON. SUSAN VAN KEULEN

**EXHIBIT "A"**

**VIEWING AND CUSTODY RECORD AGREEMENT**

I, _____, hereby certify my understanding that confidential information is being provide to me pursuant to the terms of the Protective Order dated March _____, 2017 in the matter of <u>Medina  v. Liberty Life Assurance Company of Boston,</u> United States District Court, Northern District of California, Case No. 5:16-cv-05917-EJD.  I have been given a copy of and read the terms of the Protective Order and hereby agree to be bound by its terms, including that I am subject to the jurisdiction of United States District Court for the Northern District of California for contempt and other appropriate proceedings in the event of an alleged violation of this Protective Order.  I agree that I will not disclose any Confidential Documents and Information as defined in the Protective Order, information contained therein, or notes thereof to any persons or in any manner not specifically authorized by the Protective Order.  I also agree that I will not copy or use any Confidential Documents and Information, information contained therein, or notes thereof, except as expressly authorized by the Protective Order.  I agree that I will return all Confidential Documents and Information and notes thereof, including any and all copies of them, no later than ten (10) days after the final termination of this action to the counsel for the party who provided such documents or notes to me.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____            _____

STIPULATED PROTECTIVE ORDER-
CASE NO: 5:16-CV-05917-EJD

Ropers Majeski Kohn & Bentley
A Professional Corporation
Redwood City